UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ELAINE L. CHAO, Secretary of Labor  )
United States Department of Labor,   )
                                     )
    Plaintiff,                       )     CIVIL ACTION
                                     )     FILE NO.
        v.                           )     MAGISTRATE JUDGE
                                     )
                                     )     05 11087 RCL
TRUST GROUP, INC.                    )
and                                  )
PAUL F. CANTIANI and                 )
JOSEPH E. ANASTASI                   )     RECEIPT #
individually and as Fiduciaries of the )   AMOUNT $ N/A
Trust Group, Inc. Stock Bonus Plan   )     SUMMONS ISSUED N/A
    Plan                             )     LOCAL RULE 4.1
                                     )     WAIVER FORM
                                     )     MCF ISSUED
    Defendants                       )     BY DPTY. CLK. TOM
                                     )     DATE 5/25/05

## COMPLAINT

Elaine L. Chao, Secretary of the United States Department of Labor, hereby alleges:

(1) This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and is brought to obtain equitable relief, to redress violations, and to obtain other appropriate relief necessary to enforce the provisions of Title I of ERISA, pursuant to ERISA §§ 502(a)(2) and (5), 29 U.S.C., §§ 1132(a)(2) and (5).

(2) The Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

(3) Venue of this action lies in the District of Massachusetts pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

1

(4) Trust Group, Inc., during the pertinent period of January 1, 1997 through about January 31, 2002, was an employer within the meaning of ERISA § 3(5), 29 U.S.C. §1002(5), and a corporation having an office and place of business at 425 John Quincy Adams Road, Taunton, MA 02780 within the jurisdiction of this Court.

(5) Trust Group, Inc. conducted business primarily through two related insurance companies, Trust Insurance Company and Trust Assurance Company. Trust Assurance Company was a wholly owned subsidiary of Trust Insurance Company, and both of those companies were wholly owned subsidiaries of Trust Group, Inc. Trust Insurance Company and Trust Assurance Company never had employees. Trust Insurance Company and Trust Assurance Company operated through Trust Group, Inc. by means of a management services agreement. None of the companies functions presently as an on-going business. When it was a viable business entity, Trust Group, Inc. had approximately 300 to 500 employees. Trust Group, Inc. presently has no employees and has not had employees since about January 31, 2002. The current Chairman and President of Trust Group, Inc. is Paul F. Cantiani.

(6) On or about April 15, 1996, Fleet Bank granted to Trust Group, Inc. a $20,000,000 (twenty million dollar) revolving line of credit. Trust Group, Inc. provided to Fleet Bank 100% of the stock of Trust Insurance Company as security for the line of credit. Trust Group, Inc. later defaulted on the revolving line of credit. The default amount totaled $20,000,000 (twenty million dollars).

(7) In or about November 1999, the Commissioner of Insurance of the Commonwealth of Massachusetts ("the Insurance Commission") placed both Trust Insurance Company and Trust Assurance Company under administrative supervision due to her concern about the internal financial controls of the companies and inter-company transfers of assets. In or about February

2000, the Insurance Commission sought and received an order from the Supreme Judicial Court for Suffolk County appointing it as temporary receiver of both Trust Insurance Company and Trust Assurance Company. By about July of 2000, the Insurance Commission determined that Trust Insurance Company was insolvent and sought an order of liquidation and permanent receivership for both Trust Insurance Company and Trust Assurance Company. The Supreme Judicial Court for Suffolk County subsequently granted to the Insurance Commission its requested order of liquidation and permanent receivership.

(8) The Trust Group, Inc. Stock Bonus Plan ("the Plan"), is an employee benefit plan within the meaning of ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A), and is covered under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a).

(9) Trust Group, Inc. is the sponsor of the Plan, as defined by ERISA § 3(16)(B)(i), 29 U.S.C. § 1002(16)(B)(i).

(10) The Plan was funded through employer contributions, and the assets of the Plan were to be invested primarily in employer stock.

(11) As of December 31, 1998, the Plan had 532 participants and beneficiaries with account balances.

(12) Defendant Trust Group, Inc. was the Plan Administrator of the Plan at all times material hereto, as defined by ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A). As Plan Administrator, Trust Group, Inc. was and remains a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A). Moreover, as Plan Administrator, Trust Group, Inc. exercised authority or control respecting management of the Plan, and also exercised discretionary authority and responsibility in the administration of the Plan. Such exercise of authority or control in the management of the Plan and discretionary authority and

responsibility in the administration of the Plan also made Trust Group, Inc. a fiduciary with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

(13) As Plan Administrator, Trust Group, Inc. had, and continues to have, fiduciary responsibilities to the Plan and its participants and beneficiaries. At all times material hereto, it was a responsibility of the Plan Administrator, Trust Group, Inc., to control and manage the operation and administration of the Plan as required by the Plan Document and ERISA. Such responsibilities include, but are not limited to, taking prudent measures to ensure the protection of Plan assets in the absence of prudent Plan trustee action; filing annual reports ("Forms 5500") on behalf of the Plan with the U.S. Department of Labor; ensuring continued tax qualification status for the Plan; and, taking proper, timely and prudent measures to distribute Plan assets in the proper amounts to the proper parties when appropriate.

(14) Paul F. Cantiani became a trustee of the Plan on August 14, 2003. Joseph E. Anastasi became a trustee of the Plan on August 8, 2003.

(15) As trustees of the Plan, Messrs. Cantiani and Anastasi are fiduciaries with respect to the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

(16) As trustees of the Plan, Messrs. Cantiani and Anastasi had, and continue to have, fiduciary responsibilities to the Plan and its participants and beneficiaries. Such responsibilities include, but are not limited to, managing Plan assets and taking prudent measures to protect Plan assets and the value of those assets.

(17) On or about December 31, 1997, the Plan Sponsor, Trust Group, Inc., deposited with Fleet Bank the sum of $200,000 into an interest bearing insured money market account held in the name of the Plan.

(18) On or about December 31, 1998, the Plan Sponsor, Trust Group, Inc., deposited with Fleet Bank an additional sum of $200,000 into the same interest bearing insured money market account held in the name of the Plan.

(19) The monies deposited with Fleet Bank by Trust Group, Inc. on or about December 31, 1997 and December 31, 1998, were duly authorized contributions to the Plan and as such were and remain Plan assets.

(20) On or about February 28, 2000, Fleet Bank obtained an injunction from Suffolk County Superior Court which prohibits Trust Group, Inc. and any of its subsidiaries and affiliates, except Trust Insurance Company and Trust Assurance Company and their Receiver, from distributing, alienating or otherwise disposing of any assets of or held for the benefit of Trust Group, Inc. with certain exceptions provided to permit the Insurance Commission to continue with its receivership duties  The state court order provides also that Fleet Bank reserves its rights as to the monies deposited with Fleet Bank by Trust Group, Inc. on or about December 31, 1997 and December 31, 1998, into the interest bearing insured money market account held in the name of the Plan.

(21) The Plan Administrator failed to take appropriate and sufficient action to compel or seek the intervention of the former Plan trustees to take prudent and effective measures to prevent and/or lift the encumbrance placed upon Plan assets by the state court injunction obtained by Fleet Bank.  Failing action by Plan trustees, the Plan Administrator, itself, failed to take prudent and effective measures to prevent and/or lift the encumbrance placed upon Plan assets by the state court injunction acquired by Fleet Bank.  Plan assets remain in the interest bearing insured money market account into which they were originally deposited.

(22) Since Plan year 1998, the Plan Administrator has failed to file requisite annual reports ("Forms 5500") and attendant reports, valuations, and schedules with the U.S. Department of Labor.

(23) Plan trustees, Paul F. Cantiani and Joseph E. Anastasi have failed to prudently manage Plan assets; have failed to value Plan assets as required by ERISA and the Plan Document; have failed to take prudent and effective measures to protect Plan assets; and have failed to take prudent actions to ensure that the Plan Administrator timely files requisite annual reports ("Forms 5500") and attendant reports, valuations, and schedules with the U.S. Department of Labor.

(24) The Plan Administrator, Trust Group, Inc., has effectively abandoned the Plan, as have the present Plan trustees, Paul F. Cantiani and Joseph E. Anastasi.

(25) As a result of the conduct set forth at Paragraphs 21, 22 and 24, Defendant Trust Group, Inc. failed to discharge its fiduciary duties solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries, in violation of ERISA § 404(a)(1)(A)(i), 29 U.S.C. § 1104(a)(1)(A)(i).

(26) As a result of the conduct set forth at Paragraphs 21, 22 and 24, Defendant Trust Group, Inc. has failed to discharge its fiduciary duties with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

(27) As a result of the conduct set forth at Paragraphs 22 and 24, Defendant Trust Group, Inc. has failed to discharge its fiduciary duties in accordance with the documents and

instruments governing the Plan insofar as such documents and instruments are consistent with ERISA, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

(28) As a result of the conduct set forth at Paragraph 22, Defendant Trust Group, Inc. has repeatedly violated ERISA § 103, 29 U.S.C. § 1023.

(29) As a result of the conduct set forth at Paragraphs 21 and 24, Defendant Trust Group, Inc. has failed to meet its duties which give rise to its status as a fiduciary and failed to undertake reasonable efforts under the circumstances to remedy fiduciary breaches of co-fiduciaries under ERISA, and therefore is liable as a co-fiduciary pursuant to ERISA § 405(a)(2) and (3), 29 U.S.C. § 1105(a)(a)(2) and (3).

(30) As a result of the conduct set forth at Paragraphs 23 and 24, Defendants Paul F. Cantiani and Joseph E. Anastasi have failed to discharge their fiduciary duties solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries, in violation of ERISA § 404(a)(1)(A)(i), 29 U.S.C. § 1104(a)(1)(A)(i).

(31) As a result of the conduct set forth at Paragraphs 23 and 24, Defendants Paul F. Cantiani and Joseph E. Anastasi have failed to discharge their fiduciary duties with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

(32) As a result of the conduct set forth at Paragraphs 23 and 24, Defendants Paul F. Cantiani and Joseph E. Anastasi failed to meet their duties which give rise to their status as fiduciaries and failed to undertake reasonable efforts under the circumstances to remedy

fiduciary breaches of co-fiduciaries under ERISA, and therefore are liable as co-fiduciaries pursuant to ERISA § 405(a)(2) and (3), 29 U.S.C. § 1105(a)(a)(2) and (3).

(33) As a result of the conduct set forth at Paragraphs 23 and 24, Defendants Paul F. Cantiani and Joseph E. Anastasi have failed to discharge their fiduciary duties in accordance with the documents and instruments governing the Plan insofar as such documents and instruments are consistent with ERISA, in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

WHEREFORE, the Secretary of Labor prays that this Court enter an Order:

(1) Removing Defendants from their fiduciary positions to the Plan;

(2) Appointing an independent fiduciary to handle Plan Administration, and termination of the Plan, and other fiduciary duties for the Plan from the effective date of this Order forward;

(3) Requiring Defendants to cooperate fully and promptly with the duly appointed independent fiduciary;

(4) Requiring Defendants to comply with the provisions of ERISA in the future;

(5) Awarding to Plaintiff other relief as is equitable and just.

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

Donald E. d'Entremont
Attorney
BBO # 558834

U.S. Department of Labor
Attorneys for Plaintiff

Post Office Address:

U.S. Department of Labor
Office of the Solicitor
JFK Federal Building
Room E-375
Boston, MA 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

DATE  05/19/05

Complaint for Chao v. Trust Group, Inc. et al.

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(617) 565-2500
(c) Attorney's (Firm Name, Address, and Telephone Number)
U. S. Dept. of Labor/Regional Solicitor
Donald E. d'Entremont, Attorney
JFK Federal Bldg., Room E-375 Boston, 02203

## DEFENDANTS
TRUST GROUP, INC., et. al.

County of Residence of First Listed Defendant    Bristol
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(617) 723-7440
Attorneys (If Known)    Rosenberg & Schapiro
44 School Street
Boston, MA  02108

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  |  ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
ERISA of 1974, 29 USC, sec. 101 et. seq.
Brief description of cause: to obtain equitable relief, to redress violations and to obtain other equitable relief necessary to enforce the provisions of Title I of ERISA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: May 24, 2005
SIGNATURE OF ATTORNEY OF RECORD: Donald E. d'Entremont, Attorney  [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)   Chao v. Trust Group, Inc., et al.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.
   - [x] II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.
   - [ ] IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.   150, 152, 153.

   *(Stamp: 05 11087 RCL)*

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [x]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [x]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Donald E. d'Entremont, Esquire
ADDRESS   U. S. Department of Labor/Office of the Regional Solicitor
          JFK Federal Building, Room E-375
          Boston, Massachusetts 02203
TELEPHONE NO.   (617)565-2500

(CategoryForm.wpd - 5/2/05)