UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>TRUST GROUP, INC.<br>and<br>PAUL F. CANTIANI and<br>JOSEPH E. ANASTASI<br>individually and as Fiduciaries of the<br>Trust Group, Inc. Stock Bonus Plan<br> Plan<br><br>Defendants | CIVIL ACTION<br>FILE NO. |

## CONSENT JUDGMENT AND ORDER

Defendants Trust Group, Inc., Paul F. Cantiani and Joseph E. Anastasi and Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor, have agreed to resolve all matters in controversy in this action involving alleged violations of the Employee Retirement Income Security Act of 1974 as amended, 29 U.S.C. §1001 *et seq.* ("ERISA"), and said parties do now consent to entry of a Judgment and Order by this Court in accordance therewith.

Plaintiff has filed her Complaint contemporaneously with this Consent Judgment and Order. Defendants have accepted service and have admitted to the jurisdiction of this Court over them and the subject matter of this action.

Upon consideration of the Complaint and Consent Judgment and Order, and as agreed by

1

the parties, the Court finds that it has jurisdiction to enter this Consent Judgment and Order.

WHEREAS, Defendants and Plaintiff having agreed to the terms of this Consent Judgment and Order, subject to its approval by the Court, and with due consideration and being fully advised of the premises, and

WHEREAS, Defendants neither admit nor deny the Secretary of Labor's allegations,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Defendants are hereby permanently enjoined from the date of entry of this Consent Judgment and Order from engaging in any action in violation of the provisions of § 404 of ERISA, 29 U.S.C. § 1104.

2. Defendants are hereby permanently enjoined from the date of entry of this Consent Judgment and Order from engaging in any action in violation of the provisions of § 103 of ERISA, 29 U.S.C. § 1023.

3. Upon entry of this Consent Judgment and Order, Defendant Trust Group, Inc. shall cease to serve as the Plan Administrator for the Trust Group, Inc. Stock Bonus Plan ("the Plan") and shall also cease to serve in any other fiduciary capacity to the Plan.

4. Upon entry of this Consent Judgment and Order, Defendants Paul F. Cantiani and Joseph E. Anastasi shall cease to serve as trustees of the Plan and shall also cease to serve in any other fiduciary capacity to the Plan.

5. Upon entry of this Consent Judgment and Order, The Wagner Law Group, P.C. is hereby appointed as the Independent Fiduciary for the Plan.

6. Upon entry of this Consent Judgment and Order, all Defendants shall cooperate fully and promptly in all respects with The Wagner Law Group, P.C, as The Wagner Law Group, P.C.

fulfills its obligations as duly appointed Independent Fiduciary.

7. Upon entry of this Consent Judgment and Order, the Independent Fiduciary shall have the following powers, duties and responsibilities:

a. The Independent Fiduciary shall have responsibility and authority for terminating the Plan. Such termination shall be made in accordance with the Plan's governing documents, and all applicable law, including ERISA and the Internal Revenue Code ("IRC").

b. The Independent Fiduciary's responsibilities and authority with respect to the termination of the Plan shall include, but not be limited to: (i) determining whether the Plan is tax-qualified under the IRC, and if the Independent Fiduciary determines that the Plan is no longer tax-qualified under the IRC, then the independent fiduciary shall take appropriate steps to seek to make the Plan tax-qualified under the IRC; ii) working with the U.S. Department of Labor to resolve the Plan's delinquent filings of IRS Forms 5500; iii) marshalling, valuing, and liquidating the Plan's illiquid assets; (iv) communicating with Plan participants regarding the termination of the Plan and their distribution options; (v) determining the appropriate account balances of all participants, beneficiaries and alternate payees and determining all questions of eligibility for and amount of Plan benefits; (vi) making benefit distributions and withholding and remitting the appropriate taxes thereon; (vii) causing the prompt payment from the assets of the Plan of all proper and reasonable Plan expenses, including the compensation and cost reimbursement of the Independent Fiduciary, as described below (viii) complying with the appropriate records retention requirements of ERISA; and (ix) filing appropriate termination papers with the Internal Revenue Service and the U.S. Department of Labor.

c.  The Independent Fiduciary shall have responsibility and authority to collect, liquidate, and manage the assets of the Plan for the benefit of the eligible participants and beneficiaries of the Plan who are entitled to receive such assets until such time that the assets of the Plan are distributed to the eligible participants and beneficiaries of the Plan; provided, however, that the Independent Fiduciary is specifically authorized to retain and compensate from Plan assets a professional asset manager in the event that the distribution process is extended for such period that obtaining such services is deemed prudent.

d.  The Independent Fiduciary shall exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plan who is eligible to receive a payment under the terms of the Plan and to disburse to each such eligible participant or beneficiary the payment to which he or she is entitled; provided, however, that the independent fiduciary may rely upon the procedures for locating missing participants and handling the Plan assets of any missing participants as described in Field Assistance Bulletin 2004-02 of the Employee Benefits Security Administration and Revenue Procedure 94-22 of the Internal Revenue Service.

e.  The Independent Fiduciary shall have full and prompt access to all data, information and calculations in the Plan's possession or under its control, or in the possession of Trust Group, Inc. or under its control, including that information contained in the records of the Plan's custodial trustees and other service providers, which may relate to the distribution of benefit payments, participant account balances and current plan assets. The Independent Fiduciary may rely on any document, certificate, statement or other written representation made in the Plan records, or made by Fleet Bank or its successor and affiliates, or made by Bank of America or the Employee Benefits Security Administration, which the Independent Fiduciary

reasonably and in good faith believes to be genuine. The Independent Fiduciary also may rely on any certificate, statement, report or other representation made to it by any agent, attorney, accountant or other expert retained by the Independent Fiduciary in connection with the liquidation or distribution of Plan assets or the termination of the Plan.

  f. The Independent Fiduciary may retain such persons and firms, including but not limited to accountants, appraisers and attorneys, as may be reasonably required to perform its duties hereunder.

  g. The Independent Fiduciary shall receive reasonable compensation for the performance of the duties described above together with costs reasonably and necessarily incurred. The compensation and expenses provided for herein shall be paid by the Plan as provided for by Section 16.10 of the Plan Document. The Independent Fiduciary shall be entitled to payment in connection with the performance of the duties set out hereunder at the following rates: $425 per hour for time spent by its principal(s); $395 to $295 per hour for time spent by its attorney(s) depending on the attorney(s) performing the work; and $275 per hour for time spent by its paralegals. In the event that the duties of the Independent Fiduciary necessarily extend beyond one year from the date of entry of this Consent Judgment and Order, such rates may be increased on each anniversary of the date of entry of this Consent Judgment and Order by 5% over the rates in effect immediately preceding such anniversary.

  h. The Independent Fiduciary shall obtain bonding in an amount that meets the requirements of ERISA 412, 29 U.S.C. 1112.

  i. With respect to omissions or errors that occurred, or are logically attributable to events that occurred, prior to the effective date of this Order, the independent fiduciary shall not

be liable for (i) any fines or penalties imposed by a governmental entity or agency of competent jurisdiction, (ii) restoration of missed profits, (iii) losses incurred, or (iv) judgments.

8. The independent fiduciary's appointment shall become effective upon the entry of the Consent Order and Judgment. The independent fiduciary's appointment shall terminate upon the first to occur of: (i) the removal of the independent fiduciary from that office by the Court; (ii) the resignation of the independent fiduciary from that office provided that the independent fiduciary finds an acceptable replacement independent fiduciary and, with notice to all parties to this matter, moves this Court to have the replacement independent fiduciary appointed; or (iii) the liquidation and distribution of Plan assets and the completion of all related tasks.

9. Each party shall bear its own fees, costs, and expenses in connection with this action.

10. Nothing in this Order is binding on any government agency other than the United States Department of Labor which hereby agrees to bring no further action against Defendants involving alleged violations of ERISA pertaining to any matter in controversy in this action.

11. The individuals executing this Consent Judgment and Order on behalf of the parties hereto certify that they have been authorized by the parties to do so.


It is so Ordered this _____ day of _____ 2005.


_____
United States District Court Judge


We agree to the entry of this Consent Judgment and Order.

Elaine L. Chao,
Secretary of Labor
U.S. Department of Labor

By her Attorneys,

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott
Regional Solicitor

*/s/ Donald E. d'Entremont*

Donald E. d'Entremont
Attorney
BBO # 558834
U.S. Dept. of Labor
Office of the Solicitor

DATE: 05/19/05

U.S. Dept. of Labor
Office of the Solicitor
JFK Federal Building, Rm. E-375
Boston, MA 02203
(617) 565-2500
(617) 565-2142 (fax)

*/s/ Paul F. Cantiani*

Paul F. Cantiani, Chairman and President of
Trust Group, Inc. on behalf of Trust Group, Inc.
as Plan Administrator of the Trust Group, Inc.
Stock Bonus Plan

DATE: May 10, 2005

*/s/ Paul F. Cantiani*

Paul F. Cantiani, Chairman and President of
Trust Group, Inc. on behalf of Trust Group, Inc.

DATE: 5/16/2005

*Paul F. Cantiani* (signature)

---
Paul F. Cantiani, Trustee of the Trust Group, Inc.
Stock Bonus Plan

DATE: _____

---
Joseph E. Anastasi, Trustee of the Trust Group, Inc.
Stock Bonus Plan

DATE: _____

Consent Judgment and Order for Chao v. Trust Group, Inc

DATE: May 10, 2005

_____
Paul F. Cantiani, Trustee of the Trust Group, Inc.
Stock Bonus Plan

DATE: _____

_____
Joseph E. Anastasi, Trustee of the Trust Group, Inc.
Stock Bonus Plan

DATE: May of 2005

Consent Judgment and Order for Chao v. Trust Group, Inc

8